Greer *v.* Railroad.

GREER *v.* RAILROAD.

(*Nashville.* February 21, 1900.)

1. RAILROADS. *Fencing private passway.*

Railroad companies are not forbidden to fence, nor excused from fencing, their tracks at intersections with private ways or crossings, used by owners of farms, or reasonably necessary and proper for their use as a means of passing from one field to another. but in closing or obstructing such private ways or crossings against the entrance of stock upon their tracks, the railroad company must provide for the free use of the same by the landowners, by the erection of gates, properly constructed bars, or other appropriate means, and the railroad companies must keep these in proper repair, and use due diligence to keep them closed. (*Post, pp. 243–245, 247, 248.*)

Case cited and distinguished: Railroad *v.* Thompson, 101 Tenn., 197.

2. SAME. *Keep gates closed.*

A railroad company is not liable, in the absence of other negligence, for the killing of stock that entered upon its track through an open gate maintained at the intersection of its track with a farmer's private passway, where it had not left the gate open, and had no actual knowledge of that fact, and was not affected with notice of the fact by the length of time the gate had remained open, or by other circumstances. (*Post, pp. 245–247.*)

3. SAME. *Liability for killing stock on fenced track.*

Railroad companies are not absolved from all liability for stock killed upon their lawfully fenced tracks. For stock killed upon lawfully fenced tracks, by collision with trains, railroad companies are liable if the killing was the result of the intentional or grossly negligent act of their servants. But it seems that railroad companies are not liable for the killing of stock on their lawfully fenced tracks, by collision with their trains, where the killing was the result of ordinary common law negligence of their employes. (*Post, pp. 247–249.*)

Acts construed: Acts 1891, Ch. 101.

4. Same. *Same.*
  Landlord and tenant stand upon precisely the same ground as regards their rights against a railroad company for the killing of stock by its trains upon a lawfully fenced track. (*Post, pp. 247, 248.*)

FROM DAVIDSON.

Appeal in error from Circuit Court of Davidson County. J. W. Bonner, J.

R. L. Kennedy for Greer.

E. H. East and J. D. B. DeBow for Railroad.

Wilkes, J. This is an action for damages for killing the plaintiff's mare. It was tried before the Judge in the Court below upon an agreed statement of facts, and judgment was rendered for $90, the agreed value of the mare. The only question in the case is that of legal liability or nonliability under the facts of the case. The road had fenced its track through the premises where the mare was killed. It had left a private passway for the owner to go from one part of his field or farm to another when it first built the fences. These fences came up on either side to this private crossway, and gates were erected on each side of the track across the way, but

no stock gaps were built. The gates had latches, and were in good condition, but the latches were not automatic, and required to be put in place by persons passing through them. One of these gates was left open by some one not connected with the plaintiff or the road, and the fact that it was open was not known either to the plaintiff or the defendant. Shortly after the gate was left open the plaintiff's mare passed through it, and went upon the track, and followed it some distance, when she was run over by the train and killed. She was killed at night. On the day before, at 11 o'clock, plaintiff had seen the gate, and it was properly closed. It was also agreed that occasionally trespassers, huntsmen, or a section hand in want of water would go through this gate to a spring near by.

The value of the mare is fixed by agreement at $90.

The rule of law in regard to private ways is laid down in *Railroad* v. *Thompson,* 17 Pickle, 197. It is there held that the railroad is not required or allowed to fence public highways, private ways, streets, alleys, sidewalks, public grounds, commons, and ways leading to burying places, churches, schoolhouses, etc. The question is whether this private crossing, intended for the benefit of the owner of the lands, and to furnish a means of passing from one field to another, is embraced in the description given in that case, and is a

private way in the sense in which that term is used in the statute there referred to.

It is apparent that this question is one of much importance to railroads and landowners, as there are great numbers of such crossings, and they are to be found upon almost all inclosed lands through which railroads run. The railroad cannot refuse such crossings at reasonable places, but at the same time it is a matter of convenience to the landowner alone.

The rule in regard to private crossings is laid down in Elliott on Railroads, Sec. 1200, in these words:

"At such points openings are usually left in the fence, and gates and bars are erected, through which adjoining owners may pass, and at such places the railway company is bound to erect gates, bars, or other appliances which will prevent the entry of animals, and yet enable adjoining owners to pass over the right of way. The company must also exercise due care to see that the gates and bars which it erects are kept in proper repair.

As a general rule it is the duty of the company to exercise care to keep gates and bars erected in fences along its right of way closed, and to see that such gates are provided with proper fastenings for keeping them closed.

When such gates are left open by the agents, servants, or customers of the railway company,

the railway company will generally be liable for injuries to animals which come upon the track through such open gates, and the company will generally be liable when the gates are left open by third persons or strangers if the company knows they are open, or they have been open for such a length of time as to charge the company with notice, but not otherwise. The company is entitled to a reasonable time in which to learn that gates and bars are open or out of repair, and it will not be liable until it has had reasonable opportunity to close the gate or bars or make repairs. When the gates are left open by the adjoining owner, for whose benefit they were erected, or by his servants, the company is not liable to him. But if the animals belong to a third person, the company may be liable, notwithstanding the gates were left open by the adjoining owner. 3 Elliott on Railroads, Sec. 1200, where the cases are cited upon this question.

In the present case it appears that the gate was properly closed at 11 o'clock on the day before the accident occurred at night, and it is agreed the company had no notice of the fact that the gate was open. We are of opinion that the time intervening from 11 o'clock in the day until about the same time at night, or even during the whole night, was not sufficient to affect the company with legal notice, in the absence of and as a substitute for actual notice.

Greer *v.* Railroad.

We are also of opinion the crossing is one embraced within the description laid down in Elliott on Railroads, and does not fall within the class of private ways referred to in *Railroad* v. *Thompson,* 17 Pickle, 297.

We are of opinion, however, that a railroad company is not absolutely absolved, under all circumstances, from liability in cases when its track is properly fenced if an animal is killed at such place.

It is true the statute is quite broad, and provides that "no person, company, or corporation owning or operating any railroad in this State shall be liable under the foregoing section for any damage for the killing or injuring of any such live stock when the track of said railroad is inclosed by a good lawful fence, and good and sufficient cattle guard." But this language would not justify a railroad company in intentionally, or through gross negligence amounting thereto, running down and killing an animal upon its track, even though it were properly fenced and guarded. *Cincinnati Railroad* v. *Waterham,* 4 Ohio State, 424. We are of opinion that while the agreed statement of facts does make out a case of common law negligence upon the part of the engineer of the train, it does not make out a case of intentional killing or gross negligence amounting thereto.

We are of opinion also that as to the rights

of the parties growing out of the track being fenced, the tenants of the landowner occupy the same status as does the landowner, and not the relation of some member of the public body, and the tenant stands on no higher ground than does the landlord, and the rule laid down in *Laude* v. *Chicago Railroad,* 33 Wis., 640, does not apply.

It follows that the private crossing described in this case is not a private way in the sense of the statute referred to. The railroad company is under obligation to furnish such crossings as are reasonably necessary and proper for the premises through which the road runs. It may protect such crossings by guards and wing fences, or may erect gates and bars, as it may see proper. If the latter are used, the gates or bars must be properly constructed, and kept in good and sufficient repair by the railroad, and up to the standard of the fence required in such cases. The railroad company is required to keep such gates and bars closed, and if they are kept open, and that fact is known to the road, or might be known by the exercise of reasonable diligence, the road is liable for such damages as result from stock passing through such gate or bar, and straying upon the track, and although the road may be inclosed by a sufficient fence, and have sufficient gates, and stock nevertheless gets upon the track and is killed, the company will not be liable unless the killing was done intentionally, or

Greer *v.* Railroad.

by gross negligence, and finally that the tenant of the landowner whose stock may be killed by entering upon the road through such open gate or bars, will stand upon no higher ground than the landowner himself.

The result is that the judgment of the Court below is reversed, and the cause having been tried before the Judge in the Court below, the same will be by this Court dismissed at plaintiff's costs.